UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Shawn Traylor,

          Plaintiff,

v.

Enhanced Recovery Corporation; and
DOES 1-10, inclusive,

          Defendants.

Civil Action No.: _____

3:10CV1242(VLB)

COMPLAINT

For this Complaint, the Plaintiff, Shawn Traylor, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Shawn Traylor ("Plaintiff"), is an adult individual residing in Stamford, CT, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.     Defendant Enhanced Recovery Corporation ("Enhanced"), is a business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8.     The Plaintiff incurred a financial obligation in the approximate amount of ORIGINAL DEBT (the "Debt") to ORIGINAL CREDITOR (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Enhanced Engages in Harassment and Abusive Tactics</u>

12. Defendants first contacted Plaintiff via a representative named Brandy on 6/30/10.

13. Since then Defendants have left collection voicemails for Plaintiff on 7/9/10, 7/14/10, and 7/19/10.

14. Defendants have called the Plaintiff numerous other time but only left messages on the 3 days listed.

15. However, Defendants have failed to send Plaintiff <u>any</u> correspondence pertinent to the debt they are trying to collect, in violation of the Fair Debt Collection Act.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

18. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that

Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

22.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

23.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

24.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT, Conn. Gen. Stat. § 36a-645, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

30. The Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

31. The Defendant solicited a claim for collection under an ambiguous or deceptive contract, in violation of Conn. Gen. Stat. § 36a-805(a)(6).

32. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages to an emergency telephone line in violation of 47 U.S.C. § 227(b)(1)(A)(i).

35. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages to a hospital or health care facility in violation of 47 U.S.C. § 227(b)(1)(A)(ii).

36. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

38. Without prior consent or outside of an established business relationship, the Defendants sent unsolicited faxes to the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C).

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 21, 2010

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiff